

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-88,438-03, WR-88,438-04 & WR-88,438-05

### EX PARTE WENDELL WARD, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W04-71690-N(A), W04-71691-N(A) & W04-71691-N(C)
### IN THE 195ᵀᴴ DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offenses of injury to a child and aggravated assault, and sentenced to imprisonment for fifteen years in each case.

The writ records contain two writ applications filed in February 2012.[1] On March 28, 2012,

---

[1] One of the applications (WR-88,438-04) has no file stamp, but was forwarded to this Court by the Harris County District Clerk, and was signed by applicant five days after the companion writ application was signed.

an order designating issues was signed by the trial court. The habeas records have been properly forwarded to this Court by the district clerk pursuant to TEX. R. APP. P. 73.4(b)(5).

The writ records also contain a writ application filed July 2, 2019 (WR-88,438-05). On August 6, 2019, another order designating issues was signed by the trial court. The habeas record for that writ application has been forwarded to this Court prematurely.

We remand these applications to the 195th District Court of Dallas County to allow the trial judge to complete an evidentiary investigation and enter findings of fact and conclusions of law. With respect to the writ application filed in 2019, in addition to any other necessary findings, the trial court shall make findings of fact addressing whether consideration of this writ application is barred as subsequent. TEX. CODE CRIM. PROC. art. 11.07 § 4(a).

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. Supplemental transcripts containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 6, 2019
Do not publish